SCHMITT, Appellant, vs. SEEFELD and another, Respondents.

*April 22—May 11, 1909.*

*Master and servant: Guarding machinery: Statutes: Construction: Safe place to work: Obligation of master: Contributory negligence.*

1. A circular saw is not one of the parts of a machine or an appliance required to be guarded within the calls of sec. 1636*j*, Stats. (1898).

2. Sec. 1636*jj*, Stats. (Laws of 1905, ch. 303), does not enlarge sec. 1636*j* so as to include all appliances so located as to be dangerous to laborers in the discharge of their duties.

3. Where a servant in performing a service wholly deviates from the customary and reasonable method of performance and adopts a course wholly outside of what is to be reasonably expected, and thereby exposes himself to hazards not incident to the reasonable and customary way of performance, the master, under his duty of furnishing a safe place to work, is not liable to him for an injury.

4. Where a reasonably safe place to perform a service in the usual and customary way that servants may reasonably be expected to take has been furnished, the master has performed his duty, and if the servant sees fit to perform such service in a way which is not reasonably to be anticipated as one which would be adopted by any person under the circumstances, the master is not guilty of negligence.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries alleged to have been sustained because of the negligence of the defendants in failing to guard and fence a saw and to provide a safe place for plaintiff to work. At the time the injuries were received the plaintiff was employed by the defendant partnership, which operates a mill in the city of Neillsville. He was working at one end of a table, in the center of which revolved a twenty-eight-inch saw, used to prepare material for the mill. Under the table, and so placed that the sawdust would be thrown into it and blown along by the air from the revolving saw, was a fixed cast-iron attachment forming a spout. Extending from this cast-iron spout to one of the legs of the table on the end at which plaintiff worked was a tin spout which carried the sawdust along. From the end of this tin spout it dropped to the floor. When the saw was continuously operated the sawdust would gradually accumulate on the floor at the end of the tin spout, and if not removed would fill the tin spout and the cast-iron spout and would then be thrown up into the face of the workman who stood where plaintiff worked. It was necessary to remove the accumulations of this sawdust from the floor five or six times a day to keep the machine in working order as regards it. This was done by removing the sawdust which had gathered on the floor near and about the tin spout. The sawdust which accumulated on the tin spout was jarred loose and off by striking or kicking it, and the saw would then clear the cast-iron spout. Plaintiff had removed the sawdust from the floor and was attempting to remove what had accumulated on the tin spout when he was injured. He had bent down until he was almost seated on the floor and had shaken the tin spout with his hand, when his foot slipped from under him and his arm was thrown up against the saw. A cut was made partly through the wrist and lower arm, rendering amputation necessary. There was evidence that the saw was not guarded below the table. It appears that it could have been guarded

at this point and that the sawdust might have been carried away by a blower. Thus the danger to which plaintiff was exposed in removing sawdust would be avoided. Plaintiff testified that the floor was not slippery or greasy, that his foot gave out, and that he fell right back on the saw. At the conclusion of plaintiff's case the court granted a motion for a nonsuit and awarded judgment dismissing the complaint. This is an appeal from such judgment.

For the appellant there was a brief by *R. F. Kountz* and *J. R. & C. R. Sturdevant,* and oral argument by *C. R. Sturdevant.*

*S. M. Marsh,* for the respondent.

SIEBECKER, J. The plaintiff claims that defendant was guilty of negligence in failing to guard or cover the saw under the table bed above described, in that the omission made the saw a dangerous appliance as regards employees in the discharge of their duties in operating the mill. It is urged that, under sec. 1636*j,* Stats. (1898), it was defendant's duty to cover the saw so projecting under the table because it was "so located as to be dangerous to employees in the discharge of their duties." This section requires that "belting, shafting, gearing," and various other appliances mentioned therein shall "be guarded or fenced" for the protection of employees engaged in labor near or about them. A saw is not enumerated in this section as one of the parts of a machine or as an appliance to be guarded or fenced.

But it is urged that the provisions of sec. 1636*jj,* Stats. (Laws of 1905, ch. 303), enlarge sec. 1636*j,* Stats. (1898), to the extent that all appliances so located as to be dangerous to laborers in the discharge of their duties are to be included. We do not find the claim justified by the language of the later section. It provides that, in actions by servants for damages on account of the negligent omission of the employer to guard or protect machinery or appliances "in the manner required

in the foregoing section," the defense of assumption of risk
shall not obtain.   The words employed in the later section
clearly indicate that it was intended to refer only to such ma-
chinery and appliances as the former section embraces, and
the context of the later section cannot, therefore, by any pro-
cess of interpretation be held to enlarge the provisions of the
former section so as to make it cover machinery and appli-
ances not originally included in it.

It is contended that the evidence is sufficient to show neg-
ligence within the common law, in that the jury could have
found defendant negligent in not furnishing plaintiff a rea-
sonably safe place to work.   It is not disputed that contact
with the revolving saw under the table would be dangerous to
life and limb.   The situation presented, however, does not in
itself constitute a negligent omission by the defendant to fur-
nish plaintiff a safe place to work.

It is important to consider whether plaintiff, in the natural
course of his employment while performing his service, would
be brought near the running saw under the table.   From the
evidential facts it is manifest that his duties did not require
that he get under the table to remove sawdust from the floor,
nor was this necessary to shake it from the tin spout.   Thereto-
fore the operator had always successfully performed this serv-
ice by using a shovel to remove the sawdust from the floor
near the table.   He then removed the accumulation from the
tin spout by jarring it with his foot.   Manifestly this could
also be done by striking it with a stick.   It appears, however,
that the plaintiff, after he had removed the sawdust from the
floor, crouched down under the table, took hold of the tin
spout and shook it with his hand to loosen the sawdust and
cause it to drop to the floor, and that while in this position
his foot slipped, causing his body to fall, pitch forward, and
to thrust his arm against the running saw.   This manner of
cleaning the tin spout was so unusual and obviously unneces-
sary that any danger attending the service was so remote from
the ordinary, customary, and reasonable way as to relieve the

master from guarding against its dangers. The rule is that where a servant in performing a service wholly deviates from the customary and reasonable method of performing it and adopts a course wholly outside of what is to be reasonably expected, thereby exposing himself to hazards and dangers not incident to the reasonable and customary way of performing the service, then the master is not liable to him for any injury within his duty of furnishing a safe place to work. If the master furnishes the servant a reasonably safe place to perform the service in the usual and customary way that servants may reasonably be expected to take, then the master has fulfilled his duty. So in this case, as the trial court held, the plaintiff was furnished a reasonably safe place to remove the sawdust from the bolter in a manner reasonably well adapted to the performance of the service. He saw fit to perform this service in a way which was not to be reasonably anticipated as one which would be adopted by any person under the circumstances. We are of opinion that the trial court properly directed the dismissal of the complaint for the want of any evidence tending to show that the defendant was guilty of any negligence which caused plaintiff's injury.

*By the Court.*—Judgment affirmed.